IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Clark Capital Management Group, Inc.,** | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: _____ |
| v. | : | |
| | : | |
| **Genworth Financial Wealth Management, Inc.,** | : | |
| | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Clark Capital Management Group, Inc. ("Plaintiff" or "Clark Capital"), by and through its undersigned attorneys for its complaint against Defendant, Genworth Financial Wealth Management, Inc., ("Defendant") alleges as follows:

## PARTIES

1. Plaintiff, Clark Capital Management Group, Inc., is a Pennsylvania corporation with a place of business at One Liberty Place, 1650 Market Street, 53rd Floor, Philadelphia, PA 19103. Clark Capital is the owner of the intellectual property at issue in this case.

2. Defendant, Genworth Financial Wealth Management, Inc., is a California corporation with its headquarters located at 2300 Contra Costa Boulevard, Suite 600, Pleasant Hill, CA 94523.

## JURISDICTION AND VENUE

3. This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, and common law. As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal

questions of law.

4. This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(b) and 15 U.S.C. § 1121.

5. This court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

6. Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391.

## BACKGROUND AS TO PLAINTIFF'S BUSINESS AND ITS INTELLECTUAL PROPERTY

7. Plaintiff is a provider of mutual funds and mutual fund services, namely providing fund brokerage; mutual fund distribution; and management of mutual funds, portfolio solutions, and closed-end investments. Further, Plaintiff is a registered investment advisor offering wealth management services designed to provide proven strategies to individual high net worth investors, trusts, endowments, employee benefit plans, corporations, and municipalities.

8. Plaintiff has offered multiple mutual funds incorporating the NAVIGATOR® mark.

9. Plaintiff also offers investment advisory and consulting services designed to provide strategies using proven quantitative investment models to apportion and diversify investor portfolios of different financial instruments to achieve an optimum mix or ratio of financial assets such as mutual funds, stocks, bonds, cash holdings, and annuities.

10. Plaintiff has adopted and used its family of NAVIGATOR® marks, including its NAVIGATOR FUND mark, for its mutual funds, mutual fund services, and investment advisory and consulting services.

11. Plaintiff has also used its NAVIGATOR® mark and theme in connection with its printed publications, namely a quarterly newsletter called THE NAVIGATOR REPORT that it publishes for its clients and also makes publicly available at its website located at www.ccmg.com. Plaintiff's publications associated with THE NAVIGATOR REPORT include financial information and general analysis in connection with the economic behavior of mutual funds, stocks, bonds, and annuities.

12. Plaintiff registered many of its NAVIGATOR® marks, including its NAVIGATOR FUND mark.

13. On October 29, 1991, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1662756 for NAVIGATOR for investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as March 1987. Sections 8 and 15 Declarations have been filed and approved, thus, this mark has become incontestable. The registration has been renewed.

14. On August 9, 1994, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1849587 for NAVIGATOR MASTER for investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as January 1994. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

15. On July 11, 1995, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 1904627 for NAVIGATOR S.T.A.R. for investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as January 1994. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

16. On February 15, 2000, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2318330 for NAVIGATOR CLASSIC for investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as January 1994. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

17. On February 29, 2000, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2324236 for NAVIGATOR STRATEGIC WORLD for investment management services for optimal asset allocation in the field of stocks, bonds and mutual funds. Plaintiff first used this mark as early as January 1997. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

18. On October 22, 2002, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2638519 for NAVIGATOR PREMIER for investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as January 1999. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

19. On October 22, 2002, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2639961 for NAVIGATOR FUND for investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as April 2002. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

20. On August 12, 2003, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2750916 for NAVIGATOR ASSET MANAGEMENT for investment advisory services in the field of stocks and mutual funds.

Plaintiff first used this mark as early as April 2001. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

21. On December 2, 2003, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 2789230 for NAVIGATORLINK for computer software and programs for use in database management and investment advisory services in the field of stocks and mutual funds. Plaintiff first used this mark as early as January 2000. Sections 8 and 15 Declarations have been filed and approved. Thus, this registration has become incontestable.

22. On September 11, 2007, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3292265 for NAVIGATOR SENTRY for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; and stock brokerage services. Plaintiff used this mark as early as January 2003.

23. On April 21, 2009, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3608683 for NAVIGATOR & Design for printed publication, namely, a newsletter in the field of investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services and stock brokerage services; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Plaintiff used this mark as early as January 2006.

24. On May 13, 2008, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3426152 for NAVIGATOR 401K for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment

consultation; asset allocation services; stock brokerage services. Plaintiff used this mark as early as February 2007.

25.    On October 20, 2009, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3698185 for NAVIGATOR for printed publication, namely, a newsletter in the field of investment advisory services in the field of stocks, bonds, annuities and mutual funds, investment consultation, asset allocation services and stock brokerage services; investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Plaintiff used this mark as early as March 1987.

26.    On December 8, 2009, Plaintiff registered on the Principal Register of the U.S. Patent and Trademark Office Registration No. 3721660 for NAVIGATOR 401(K) "KEEPING YOU ON COURSE FOR RETIREMENT" & Design for investment advisory services in the field of stocks, bonds, annuities and mutual funds; investment consultation; asset allocation services; stock brokerage services. Plaintiff used this mark as early as February 2007.

27.    Plaintiff's U.S. Registration Nos. 1662756 for NAVIGATOR; 1849587 for NAVIGATOR MASTER; 1904627 for NAVIGATOR S.T.A.R.; 2318330 for NAVIGATOR CLASSIC; 2324236 for NAVIGATOR STRATEGIC WORLD; 2638519 for NAVIGATOR PREMIER; 2750916 for NAVIGATOR ASSET MANAGEMENT; 2639961 for NAVIGATOR FUND; and 2789230 for NAVIGATORLINK have acquired incontestable status.

28.    The above referenced registrations containing the "Navigator" term (hereinafter "NAVIGATOR® Marks") are in full force and effect.

29.    Plaintiff's NAVIGATOR® Marks are strong. They are inherently distinctive and represent the exceedingly valuable goodwill of Plaintiff.

30. Plaintiff's NAVIGATOR® Marks have become well known throughout the investment, mutual fund brokerage, financial planning, wealth management, asset allocation, investment advisory, and financial consulting fields. Through its use of the NAVIGATOR® Marks, Plaintiff has developed an excellent reputation for its products and services and has been recognized as a leader among boutique companies in the financial industry for these products and services.

31. Plaintiff's NAVIGATOR® Marks have substantial goodwill associated with them.

32. Plaintiff has vigorously defended its NAVIGATOR® Marks against infringers and potential infringers. Plaintiff has filed many Opposition proceedings in the United States Patent and Trademark Office to prevent the registration of conflicting marks. Plaintiff has also filed suit in federal district court on many occasions in order to protect its NAVIGATOR® Marks.

33. Plaintiff has notified Defendant of Plaintiff's NAVIGATOR® Marks and requested that Defendant discontinue all use of the designation NAVIGATION or any confusingly similar derivation thereof.

## BACKGROUND AS TO DEFENDANT'S UNLAWFUL CONDUCT

34. Defendant is using the term NAVIGATION in the name of one of the mutual fund products offered by the Defendant, which is named NAVIGATION OPPORTUNISTIC FIXED-INCOME FUND.

35. Defendant offers mutual funds, mutual fund services, and investment advisory and consulting services, which are similar to mutual fund products and services offered by the Plaintiff under the NAVIGATOR® Marks, which includes the NAVIGATOR FUND

mark.

36. Defendant's business improperly incorporates the term NAVIGATION in conjunction with mutual fund products and services.

## COUNT I – FEDERAL TRADEMARK INFRINGEMENT

37. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

38. The federal registration of Plaintiff's NAVIGATOR® Marks evidence Plaintiff's exclusive right to use the NAVIGATOR® Marks in connection with mutual fund and investment advisory services. 15 U.S.C. § 1115.

39. Plaintiff's U.S. Registration Nos. 2639961 for NAVIGATOR FUND; 1662756 for NAVIGATOR; 1849587 for NAVIGATOR MASTER; 1904627 for NAVIGATOR S.T.A.R.; 2318330 for NAVIGATOR CLASSIC; 2324236 for NAVIGATOR STRATEGIC WORLD; 2638519 for NAVIGATOR PREMIER; 2750916 for NAVIGATOR ASSET MANAGEMENT; and 2789230 for NAVIGATORLINK have acquired incontestable status. Thus, the registrations for these marks shall be conclusive evidence of the validity of the registered marks, of Plaintiff's ownership of the marks, and of Plaintiff's exclusive right to use the registered marks in commerce in connection with the financial advisory and consulting services specified in the affidavits filed under the provisions of 15 U.S.C. § 1065 and/or the renewal applications filed under the provisions of 15 U.S.C. § 1059.

40. Defendant's use of NAVIGATION is similar in sound, meaning and appearance with Plaintiff's pre-existing NAVIGATOR® Marks. The marks create the same commercial impression and are confusingly similar.

41. Plaintiff's and Defendant's respective mutual fund, investment advisory and consulting services are offered in the same channels of trade and are directed to the same or similar clients. The mutual fund products and services offered by Plaintiff and Defendant are closely related, if not identical.

42. Defendant's use of NAVIGATION in connection with mutual fund, investment advisory and consulting services is likely to cause confusion or mistake or to deceive, as to the source, affiliation or sponsorship with Plaintiff's NAVIGATOR® Marks, including Plaintiff's NAVIGATOR FUND mark, in violation of the Lanham Act, 15 U.S.C. § 1051 et seq, specifically §§ 1114-1118.

43. This unauthorized use by Defendant constitutes infringement of Plaintiff's registered marks, described above, in violation of 15 U.S.C. § 1051 et seq.

44. Plaintiff contacted Defendant's President and Senior Vice President, Messrs. Gurinder S. Ahluwalia and Leon E. Roday, on January 31, 2011 advising Defendant of Plaintiff's rights in and to the NAVIGATOR® Marks. Plaintiff requested that Defendant discontinue all use of NAVIGATION OPPORTUNISTIC FIXED-INCOME FUND and refrain from using NAVIGATION in connection with financial and investment related services. Plaintiff further advised of its concern that consumers are likely to confuse Defendant's use of NAVIGATION with Plaintiff's use of its NAVIGATOR® Marks.

45. Plaintiff has not given consent directly or indirectly to Defendant to use the NAVIGATOR® Marks, or any mark similar thereto.

46. The activities of Defendant complained of herein constitute willful and intentional infringement of Plaintiff's federally registered NAVIGATOR® Marks, in derogation of Plaintiff's rights in violation of 15 U.S.C. §§ 1114 and 1117. Acts of infringement

commenced and have continued in spite of Defendant's knowledge that the use of the NAVIGATION mark was and is in contravention of Plaintiff's rights.

47. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its marks and in its business, reputation, and goodwill. Plaintiff's damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

48. Plaintiff seeks attorney's fees and costs given the willful conduct of Defendant.

49. Plaintiff seeks treble damages given the willful conduct of Defendant.

## COUNT II - FEDERAL UNFAIR COMPETITION

50. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

51. Plaintiff's NAVIGATOR® Marks are distinctive and have acquired secondary meaning and significance in the minds of the relevant public.

52. After Plaintiff's adoption and use of its NAVIGATOR® Marks in connection with mutual fund, financial and investment advisory services, and with actual and constructive notice thereof, Defendant adopted and used the designation NAVIGATION OPPORTUNISTIC FIXED-INCOME FUND in connection with its financial services.

53. Plaintiff has not given consent directly or indirectly to Defendant to use the NAVIGATOR® Marks, or any mark similar thereto.

54. Defendant's activities are likely to cause confusion, or to cause mistake, or to deceive, causing great harm to Plaintiff's reputation and goodwill.

55. Defendant has unfairly competed with Plaintiff in interstate commerce and in this district by various acts, including marketing, offering for sale and selling mutual fund products and services under the designation NAVIGATION OPPORTUNISTIC FIXED-INCOME FUND. This unauthorized use by Defendant constitutes unfair competition. 15 U.S.C. § 1125.

56. The activities of Defendant complained of herein constitute willful and intentional infringement, in derogation of Plaintiff's rights. Acts of unfair competition commenced and have continued in spite of Defendant's knowledge that the use of NAVIGATION was and is in contravention of Plaintiff's rights.

57. Plaintiff has not given consent directly or indirectly to Defendant to use the NAVIGATOR® Marks, or any mark similar thereto.

58. Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its NAVIGATOR® Marks and in its business, reputation, and goodwill. Plaintiff's damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

59. Plaintiff seeks attorney's fees and costs given the willful conduct of Defendant.

60. Plaintiff seeks treble damages given the willful conduct of Defendant.

## COUNT III – UNJUST ENRICHMENT

61. Plaintiff repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

62. This cause of action arises under the common law.

63. Upon information and belief, by the acts and activities of defendant complained of herein, Defendant has been unjustly enriched to Plaintiff's detriment.

64. Defendant's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff in its NAVIGATOR® Marks, business reputation and goodwill.

65. Plaintiff's damages from the aforesaid unlawful actions of Defendant, to the extent ascertainable, have not yet been determined.

66. Plaintiff seeks enhanced damages due to Defendant's willful conduct.

## PRAYERS FOR RELIEF

That the Court preliminary and permanently enjoin and restrain Defendant, its officers, directors, agents, employees and all persons in active concert or participation with it who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(a) infringing or contributing to the infringement;

(b) engaging in any acts or activities directly or indirectly calculated to infringe Plaintiff's NAVIGATOR® Marks;

(c) using in selling, offering for sale, promoting, advertising, marketing or distributing of Defendants' products, advertisements or marketing materials that use the term NAVIGATION OPPORTUNISTIC FIXED-INCOME FUND;

(d) using any configuration or design that is confusingly similar to Plaintiff's NAVIGATOR® Marks; and

(e) otherwise competing unfairly with Plaintiff in any manner whatsoever.

(2) That the Court find that Defendant is infringing Plaintiff's NAVIGATOR® Marks and is competing unfairly with Plaintiff, and otherwise has been unjustly enriched.

(3) That the Court Order Defendant to deliver up to Plaintiff for destruction, at Defendant's expense, catalogs, web site materials, literature, brochures, quotes, packaging, signs, promotional materials, advertisements and other communications to the public in the possession or under the control of Defendant, and any other material or any representations that are or may contain designations similar to Plaintiff's NAVIGATOR® Marks.

(4) That the Court Order Defendant to account for and pay to Plaintiff the damages to which Plaintiff is entitled as a consequence of the infringement of Plaintiff's NAVIGATOR® Marks.

(5) That the Court Order Defendant to account for and to pay over to Plaintiff all damages suffered by Plaintiff as a result of Defendant's unfair competition.

(6) That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendant so as to prevent fraud on the Court and so as to ensure the capacity of Defendant to pay, and the prompt payment of, any judgment entered against Defendant in this action.

(7) That the Court award Plaintiff its compensatory, incidental, and consequential damages.

(8) That the Court award Plaintiff enhanced, treble, and/or punitive damages.

(9) That the Court award Plaintiff its reasonable attorney's fees and the costs of this action.

(10) That the Court grant Plaintiff such other relief as is just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all triable issues of fact.

Date: February 1, 2011

Respectfully submitted,

*[signature]*

Camille M. Miller, Esq.
COZEN O'CONNOR, P.C.
1900 Market Street
Philadelphia, Pennsylvania 19103
Telephone: (215) 665-2000
Facsimile: (215) 701-2273

Attorney for Plaintiff
Clark Capital Management Group, Inc.